OPINION
Appellant David Dawson appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, that denied his motion to modify spousal support. The following facts give rise to this appeal. The parties to this appeal were married on May 26, 1964, and divorced on November 15, 1993. The separation agreement, incorporated into the final decree, required appellant to pay Appellee Joan Dawson spousal support in the amount of $850 per month for eight years. On November 1, 1997, appellant retired from InterState Brands Corporation due to his health. Upon appellant's retirement, appellee became eligible for and began receiving a pension distribution from InterState Brands Corporation in the amount of $222.25. Appellee also became eligible for social security disability payments in the amount of $367 per month. Thereafter, on November 10, 1997, appellant filed a motion for modification of his spousal support obligation. On October 14, 1998, a magistrate from the Stark County Court of Common Pleas, Domestic Relations Division, conducted a hearing on appellant's motion to modify his spousal support obligation. The magistrate issued her decision on October 21, 1998, denying, in part, appellant's motion for modification. The magistrate found that appellant's retirement was voluntary and not a change in circumstances. However, the magistrate determined that appellee's receipt of $222.25, a monthly pension payment, was a change in circumstances and accordingly reduced appellant's spousal support obligation from $850.00 to $627.75, effective the date of her decision. Appellant filed objections to the magistrate's decision on November 4, 1998. The trial court conducted a hearing on appellant's objections on February 16, 1999. That same day the trial court overruled appellant's objections and approved the magistrate's decision. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
I. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S RETIREMENT WAS VOLUNTARY AND DENYING APPELLANT'S MOTION FOR MODIFICATION OF SPOUSAL SUPPORT BASED UPON HIS REDUCED INCOME.
II. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S RECEIPT OF SOCIAL SECURITY DISABILITY WAS NOT A SUBSTANTIAL CHANGE OF CIRCUMSTANCES.
III. THE TRIAL COURT ERRED IN FAILING TO MAKE THE MODIFICATION RETROACTIVE TO THE DATE OF APPELLANT'S MOTION.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously. In his First Assignment of Error, appellant contends the trial court erred when it found that his retirement was voluntary and denied his motion to modify spousal support. In his Second Assignment of Error, appellant maintains the trial court erred in finding his receipt of social security disability was not a substantial change in circumstances. We will not address the merits of appellant's First and Second Assignments of Error. A review of the record indicates appellant failed, in the trial court, to accompany her objections to the magistrate's decision with a transcript or an affidavit of all of the evidence that had been before the magistrate as required by Civ.R. 53(E)(3)(b). This rule provides, in pertinent part: "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because appellant failed to provide a transcript or affidavit of the evidence as required by Civ.R. 53(E)(3)(b), he cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. See Storrie v. Storrie (March 24, 1999), Tuscarawas App. No. 1998AP040082, unreported, at 2; Anderson v. Anderson (Nov. 3, 1998), Holmes App. No. CA 11, unreported, at 2; Frank v. Frank (June 5, 1998), Morrow App. No. CA-855, unreported, at 2; Mattix v. Mattix (May 22, 1998), Morrow App. No. CA-860, unreported, at 3. In his reply brief, appellant claims he ordered the transcript the same day he filed his objections to the magistrate's decision. The record indicates appellant filed his objections on November 4, 1998. On November 9, 1998, appellant filed a praecipe for transcript of the hearing before the magistrate conducted on October 14, 1998. In the praecipe for transcript, appellant specifically requested that the transcript of the proceedings be prepared and filed with the clerk of courts. The record indicates the transcript was not filed until June 1, 1999, after the trial court overruled appellant's objections and affirmed the decision of the magistrate. Under Civ.R. 53(E), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Belock v. Belock (Mar. 25, 1994), Geauga App. No. 92-G-1748, unreported. Although appellant requested the transcript be filed with the clerk of courts prior to the hearing on his objections, under Civ.R. 53(E), the burden remained on appellant to ensure the transcript was actually filed, with the clerk of courts, prior to the trial court ruling on his objections. Accordingly, appellant's First and Second Assignments of Error are overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred in failing to make the modification retroactive to the date of appellant's motion. We disagree. An appellate court will reverse or modify a trial court's decision as to spousal support only upon finding that the trial court abused its discretion. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. An abuse of discretion implies that the court's attitude is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We do not find the trial court abused its discretion in refusing to make the modification retroactive to the date of appellant's motion. In fact, courts must be careful in making modifications retroactive because the retroactive reduction of spousal support which fails to consider the recipient's reliance upon or expectation of receiving constitutes substantial injustice and is an abuse of discretion. See McGuire v. McGuire (April 6, 1995), Cuyahoga App. No. 67030, unreported. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, is hereby affirmed. By: Wise, P.J. Gwin, J., concurs. Hoffman, J., concurs separately.